IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCURY INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>RITA ANN D'AMATO, CARMEN<br>D'AMATO, RITA D'AMATO AND<br>CHRISTOPHER WILLIAMS,<br>Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-1444 |

FILED
JUN 11 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

Mercury Insurance Company ("Mercury") is seeking a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that it has no duty to defend or indemnify Rita Ann D'Amato ("Mrs. D'Amato") under a homeowner's insurance policy. Defendants move to dismiss the action for lack of subject matter jurisdiction. F.R.C.P. 12(b)(1).

**I.     Facts**

One Christopher Williams sued D'Amato in state court after he was attacked and injured by her husband and daughter. In that action, he alleged that D'Amato's negligence caused his injuries because she allowed her husband, a convicted felon, to illegally possess a firearm in her home, and because she encouraged her husband and daughter to leave the family home with the intention of assaulting him.

Mercury insured D'Amato's home at the time of the incident. The policy defines D'Amato, as well as her husband and daughter, as "insured." However, it explicitly excludes liability insurance coverage for "bodily injury" or "property damages" which is expected or intended by an insured. Mercury has defended D'Amato in the state court action for a year and a half pursuant to a reservation of rights. The trial of the action is scheduled to occur shortly.

## II. Discussion

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). The Act is unique in that it does not require federal courts to exercise jurisdiction, but leaves it to the court's discretion. *See State Auto. Ins. v. Summy*, 234 F.3d 131 (3d Cir. 2000); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (recognizing that district courts have "unique and substantial discretion in deciding whether to declare the rights of litigants" under the Declaratory Judgment Act).

In deciding whether to exercise jurisdiction, the first issue to address is whether there is a parallel state proceeding. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014)). A parallel state proceeding "is a pending matter 'involving the same parties and presenting [the] same opportunity for ventilation of the same state law issues.'" *Id.* at 284 (quoting *Wilton*, 515 U.S. at 283). In *Kelly*, the Third Circuit held that a declaratory judgment action by an insurer is not parallel to a state court action against an insured to determine liability merely because some issues may eventually overlap. Here, Mercury is not a party to the state court action; whether Mercury has a duty to defend or indemnify D'Amato has not been raised in the state court action; and, no party has filed a declaratory action in state court. Thus, the state court action is not a parallel action. *See also Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1219 (3d Cir. 1989) (noting that a state tort action and an insurer's federal declaratory judgment action over coverage were non-parallel).

Though the absence of a pending parallel state proceeding in this matter "militates

2

significantly in favor of exercising jurisdiction," there are other factors that play into the analysis including: (1) the likelihood that a federal court jurisdiction will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of the obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and, (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. *Reifer,* 751 F.3d at 146.[1]

The *Reifer* factors do not point strongly in either direction. On the one hand, the present litigation will resolve uncertainty between the parties and will support convenience, the first and second factors. On the other hand, there is no public interest in the settlement of the uncertainty and there are other available remedies (*i.e.* proceeding in state court), the third and fourth factors. There is no parallel proceeding so the fifth and seventh factors point in favor of exercising jurisdiction, however, the pending state court action may blunt Mercury's desire for a declaratory judgment if a verdict is rendered in favor of the defense, raising the specter of unnecessary and duplicative litigation, the seventh factor. The final factor – the inherent conflict between a duty to defend in state court and an insurer's actions in federal court – is neutral because "[t]he same

---

[1] Defendants ask the Court to adopt the analysis of the district court in *Reifer*, where Judge Brann refused to exercise jurisdiction in a similar Declaratory Judgment Act case by an insurer simply because there was "no federal interests at stake." *Reifer v. Westport Ins. Corp.*, 943 F. Supp.2d 506, 510 (M.D. Pa. 2013). Although the Third Circuit affirmed the result of the district court, it did so on other grounds – that the issues raised by the case involved matters of unsettled state law. Moreover, it criticized the lower court's approach, stating "[w]e would have preferred the District Court to squarely address the alleged novelty of Reifer's state law claims." *Reifer*, 751 F.3d at 149. Thus, *Reifer* stands for the proposition that the lack of a federal interest, alone, does not provide justification to decline jurisdiction; a district court must examine the remaining factors.

3

conflict of interest exists when the insurer asserts that the suit falls within the scope of a policy exclusion in state court – different forum, same moral hazard." *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014).

However, the *Reifer* factors are non-exhaustive and other factors counsel in favor of declining jurisdiction. First, one party objects to federal jurisdiction. *See State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000) (finding that the "vigorous objection to the District Court's assumption of jurisdiction should have weighed in favor of refusing to entertain" a declaratory judgment action by an insured).[2] Second, by filing the present action after a year and a half of litigation in state court, and on the eve of trial, Plaintiff is engaging in a type of "procedural fencing" and distraction that the Third Circuit was concerned about in *Reifer*. *See Reifer*, 751 F.3d at 146. Third, the issue raised in this case does not concern novel issues of law. More specifically, the law concerning the scope of an insurer's duty to defend an insured from an action arising out of the intentional acts of a third party is well settled in Pennsylvania. *See Donegal Mut. Ins. Co v. Baumhammers*, 938 A.2d 286 (Pa. 2007). Where "the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts." *Summy*, 234 F.3d at 136. For the reasons set forth above, the Court declines to exercise jurisdiction over this matter. An appropriate order follows.

BY THE COURT:

/s/ Wendy Beetlestone

WENDY BEETLESTONE, J.

---

[2] The multi-factor test to determine whether to decline jurisdiction enumerated in *Summy* appears to have been modified but not over-ruled by *Reifer*. 751 F.3d at 144 ("Our decision in *Summy* does not compel a different result" from the one reached in *Reifer*).